**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DOROTHY F. GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-04-961-C |
| ) | |
| GALE A. NORTON, Secretary of the ) | |
| United States Department of the Interior, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Now before the Court is a Motion to Dismiss filed by Defendant Gale A. Norton (Norton). Norton moves the Court to dismiss this action filed by Plaintiff Dorothy F. Garrett (Garrett) pursuant to FED. R. CIV. P. 12(b)(6). Garrett filed a response; thus the matter is ripe for disposition. After considering the submissions of the litigants, the Court **GRANTS IN PART** and **DENIES IN PART** Norton's Motion to Dismiss.

#### BACKGROUND

Garrett is a former federal employee of the United States Department of the Interior, Bureau of Indian Affairs (BIA). During her employment in the BIA's Real Estate Appraisal office, Garrett alleges she suffered workplace discrimination in violation of 42 U.S.C. § 12112 of the Americans with Disabilities Act of 1990 (ADA); 29 U.S.C. § 794 of the Federal Rehabilitation Act of 1973, amended by 29 U.S.C. § 794a (1978) (FRA); and 42 U.S.C. §§ 2000e-2 & -3 of Title VII of the Civil Rights Act of 1964, amended by 42 U.S.C. § 2000e-16 (1972) (Title VII). Norton argues that Garrett fails to aver the necessary facts

sufficient to state a claim for discrimination under the ADA, the FRA, or Title VII; therefore, Garrett's action should be dismissed.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss any claim made by Garrett where it appears beyond doubt that the claim is legally insufficient, that is, Garrett can prove no set of facts sustaining the claim and entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In adjudicating Norton's Rule 12(b)(6) motion, the Court construes Garrett's Complaint so as to do substantial justice, Rule 8(f); thus the Court assumes as true all well-pleaded facts in Garrett's Complaint, views those facts in the light most favorable to her, and resolves all reasonable inferences in her favor. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). "[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting [Garrett's Complaint] for failure to state a claim." Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985). Therefore, dismissal of Garrett's Complaint under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986).

## DISCUSSION

**I.    Garrett's ADA Disability Discrimination Claim.**

Norton argues that the BIA is immune from suit under the ADA as the United States is exempted from the ADA's definition of "employer"; therefore, dismissal of the ADA claim is appropriate. In her response, Garrett concedes Norton's argument (Pl.'s Resp., Dkt. No.

19, at 2) which is firmly grounded in law, 42 U.S.C. § 12111(5)(B)(i). Accordingly, Garrett's ADA claim is dismissed with prejudice, as the Complaint cannot be cured by amendment.

## II.    Garrett's FRA Disability Discrimination Claim.

For an FRA disability discrimination claim,[1] Garrett must show that she is a disabled person as defined by the law, that she is qualified for the job, and that the BIA discriminated against her because of her disability. Wells v. Shalala, 228 F.3d 1137, 1144 (10th Cir. 2000). Norton contends that Garrett's Complaint fails to allege facts sufficient to demonstrate the first two elements of an FRA claim; therefore, dismissal of her FRA claim is appropriate.

### A.    The Disability Element.

Norton argues that Garrett fails to allege a disability as defined by the law, that is, she suffers a physical impairment substantially limiting a major life activity. 29 C.F.R. § 1630.2(g-j) (defining ADA terms); see also 45 C.F.R. § 84.3(j) (defining FRA terms). Norton's argument is without merit. Garrett clearly alleges in her Complaint that she suffered from carpal tunnel syndrome and requested accommodations for her real estate appraisal duties affected thereby—typing and driving. (Am. Compl., Dkt. No. 6, at ¶¶ 10, 28, 29.) And as typing and driving may be shown to be associated with a broad range of jobs, it is reasonable to infer that Garrett's physical impairment, carpal tunnel syndrome,

---

[1] Almost without exception, ADA standards are applied to FRA employment discrimination claims and vice versa. 29 U.S.C. §§ 791(g), 794(d); Cummings v. Norton, 393 F.3d 1186, 1190 n.2 (10th Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997) (discussing federal employer's greater affirmative action duty under the FRA § 504 as compared to federal grantees and private employers under the FRA § 501 and the ADA respectively).

substantially limited the major life activity of work. 29 C.F.R. § 1630.2(h); 45 C.F.R. § 84.2(j). Consequently, the Court finds that Garrett sufficiently alleges the disability element of an FRA claim.

> B.  The Qualification Element.

Norton next argues that Garrett fails to allege that she is qualified for the job, that is, she is able to perform the essential functions of her job either with or without accommodation. This argument, however, is also without merit. Garrett seeks reinstatement with the Department of the Interior as part of her requested relief. (Am. Compl. at ¶ 35.) This gives rise to the reasonable inference that Garrett will be able to demonstrate her ability to perform the essential functions of her former job either with or without accommodation. See Woodman v. Runyon, 132 F.3d 1330, 1344 (10th Cir. 1997) (discussing how a federal employer's duty to provide reasonable accommodation includes the possibility of reassignment to another position). Consequently, the Court finds that Garrett sufficiently alleges the qualification element of an FRA claim.

The factual allegations contained in Garrett's Complaint, and all reasonable inferences drawn therefrom, sufficiently state a claim for relief under the FRA. Norton's Motion to Dismiss is denied as it pertains to the FRA claim.

**III.     Garrett's Title VII Retaliation Claim.**

For a Title VII retaliation claim, Garret must show that she engaged in protected opposition to prohibited discrimination, that the BIA took an adverse employment action against her, and that a causal connection exists between the two. Dick v. Phone Directories Co., 397 F.3d 1256, 1267 (10th Cir. 2005). Norton only contends that the Complaint's factual allegations are not causally connected via temporal proximity to a protected activity, or, in other words, the large span of time between the factual allegations and Garrett's protected activity negates retaliatory motive; hence the Title VII retaliation claim should be dismissed.

Norton's argument is unavailing because it is overly narrow—it relies entirely on the lack of temporal proximity to disprove retaliatory motive. Temporal proximity is but one means by which Garrett may prove retaliatory motive. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999). At this early stage of the proceedings, Garrett is not required to set out every fact upon which she bases her claim. Conley, 355 U.S. at 47. Norton has not shouldered the heavy burden of showing that, beyond doubt, Garrett can prove no set of facts capable of sustaining her retaliation claim and entitling her to relief. Accordingly, the Court finds that Garrett's Complaint sufficiently pleads a cognizable claim for relief under Title VII. Norton's Motion to Dismiss is denied as it pertains to the Title VII retaliation claim.

**VI.    Garrett's Title VII Gender Discrimination Claim.**

For a Title VII gender discrimination claim, Garrett must show that she is a member of a protected group; that she was subject to unwelcome harassment; that the harassment was based on sex; and that, due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of employment and created an abusive work environment. Dick, 397 F.3d at 1262-63. Norton proffers two arguments in favor of dismissal: that Garrett's factual allegations do not qualify as sexual harassment, and that Garrett fails to allege any instances of verbal or physical sexual conduct. Norton's arguments are unavailing.

Norton's first argument fails because it would require the Court to go beyond the standard for adjudicating a Rule 12(b)(6) motion and weigh the evidence Garrett may present at trial. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). Potential deficiencies in Garrett's factual allegations should be addressed through a summary judgment motion under Rule 56. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Norton's second argument fails because it misconstrues the law. Title VII's prohibition against sexual harassment is not restricted solely to behavior motivated by sexual desire or overtly sexual conduct. Penry v. Fed. Home Loan Bank of Topeka, 155 F.3d 1257, 1261 (10th Cir. 1998). "Rather, the critical issue in determining whether harassment is because of sex is whether members of one sex are subjected to a disadvantage to which the other sex is not." Dick, 397 F.3d at 1263. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 73 (1986); Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1369 (10th Cir. 1997)

("Therefore, we hold that Title VII's reference to 'sex' means a class delineated by gender, rather than sexual affiliations . . . ."). Here, Garrett alleges that, as a female employee, her male supervisor's unwelcome conduct of treating men and women differently in the workplace was pervasive enough to force her to leave the BIA. (See Am. Compl. at ¶¶ 10-33.) The Court finds that Garrett sufficiently pleaded facts sustaining a gender-based hostile work environment claim under Title VII and entitling her to relief. Norton's Motion to Dismiss is denied as it pertains to the Title VII gender discrimination claim.

### CONCLUSION

Garrett's Complaint is not the model for artful pleading in federal court. Nonetheless, her Complaint, when construed so as to do substantial justice, does state legally cognizable claims for relief under the FRA and Title VII. Therefore, Norton's Motion to Dismiss (Dkt. No. 13) is **GRANTED** as to the claim under the Americans with Disability Act and **DENIED** in all other respects.

IT IS SO ORDERED this 18th day of April, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge